**UNITED STATES of America**

v.

**Anthony BOVA**

**No. 01–CR–10096–MEL.**

United States District Court,
D. Massachusetts.

Oct. 11, 2001.

Charles P. McGinty, Syrie D. Fried, Office of the Federal Defender, Boston, MA, for Defendant.

Jeffrey Auerhahn, U.S. Atty's Office, Boson, MA, for U.S.

## MEMORANDUM AND ORDER

LASKER, District Judge.

Anthony Bova is charged with two counts of perjury and one count of obstruction of justice as a result of giving allegedly false testimony at a detention hearing on March 15 and 18, 1996. Bova appeared without counsel at the detention hearing before Magistrate Judge Lawrence P. Cohen. Bova moves to suppress his statements on the ground that they were made in violation of his right to counsel under the Sixth Amendment of the United States Constitution.

The motion is denied.

### I.

On Friday, March 15, 1996, Bova was arrested on the petition of the United States Probation Office, which sought to revoke his supervised release on account of two separate assault charges pending in Massachusetts state courts.

At his detention hearing before Magistrate Judge Cohen on March 15, 1996, Bova attempted to proceed without an attorney. He discussed this possibility with the Magistrate Judge, but the Magistrate Judge, after a colloquy that outlined the risks of proceeding without an attorney, convinced Bova that he should accept an appointed attorney. The Magistrate Judge then appointed an attorney for Bova and adjourned the detention hearing until March 18, 1996.

On March 18, 1996, when the detention hearing resumed, Bova told the Magistrate Judge that he did not believe he had had sufficient time to brief his new attorney on the relevant factual issues, and therefore he asked to represent himself with his new attorney as "stand-by counsel." The Magistrate Judge rejected the request, and told Bova that he would have to choose between representing himself or allowing his appointed attorney to do so. Bova decided to represent himself.

Bova attempted to present his case before the Magistrate Judge, but was repeatedly frustrated in his efforts. At the conclusion of the detention hearing, at the suggestion of the Magistrate Judge, Bova was sworn in as a witness so that he could present his story. It was while he was sworn that Bova made the statements that now constitute the basis of the indictment against him.

### II. Motion To Suppress

Bova, through the able presentation of his attorney, contends that he was pressured by the Magistrate Judge into proceeding without counsel in violation of his Sixth Amendment right, and that accordingly any statement he made under those circumstances should be suppressed. Bova notes that the Sixth Amendment's right to counsel can only be waived through unequivocal language and must be a knowing, intelligent, and voluntary deci-

sion. *See, e.g., Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525,. 45 L.Ed.2d 562 (1975); *United States v. Kneeland,* 148 F.3d 6, 11–13 (1st Cir.1998). Once such a waiver has been established, Bova continues, a court must "fully explore" any indication on the part of a defendant to retract his waiver. *United States v. Proctor,* 166 F.3d 396, 405 (1st Cir.1999). Bova asserts that he indicated a desire to retract his waiver, and yet the Magistrate Judge did not investigate Bova's uncertainty.

Bova also argues that because he was unrepresented and was not told that he could present information by proffer,[1] he took the stand to testify. Bova argues that in the ordinary course of events, for a lawyer to advise his client to take the stand in a bail hearing—as this was—would be considered ineffective assistance of counsel and would lead to the suppression of the testimony. He asserts that his testimony should certainly be suppressed where he was not even represented by counsel. *Citing United States v. Frappier,* 615 F.Supp. 51, 52 (D.Mass.1985) ("[C]ounsel failed to exercise reasonable professional judgment when he advised defendant to take the stand at the detention hearing. . . ."); *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) (statements elicited in violation of the right to counsel inadmissible).

The United States responds that the claim that Bova's Sixth Amendment rights were violated should not be reached because "the governing principle is that a claim of unconstitutionality will not be heard to excuse a voluntary, deliberate and calculated course of fraud and deceit." *Dennis v. United States,* 384 U.S. 855, 867, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Furthermore, the government points out that

Bova has failed to prove any "nexus" (i.e. connection) between the violation of his Sixth Amendment rights and his alleged perjury. In short, the government argues that the absence of counsel did not cause or induce Bova to testify falsely. He was at all times free to testify or not, but if he chose to testify he was obligated to testify truthfully.

The United States argues further that Bova's Sixth Amendment rights were not violated. The government contends that there is no formulaic approach to ascertaining whether a defendant has adequately demonstrated that he has knowingly, intelligently, and voluntarily waived his right to representation. In this case, on March 15, 1996, the Magistrate Judge postponed the detention hearing after a discussion with Bova about the pitfalls that can be encountered by individuals proceeding without an attorney. The Magistrate Judge then appointed an attorney for Bova. On March 18, 1996, when the detention hearing reconvened, Bova decided against using his appointed counsel. However, the government asserts that Bova's decision and the actions of the Magistrate Judge at the March 18th hearing should be viewed in light of the earlier hearing on March 15th at which the issue of representation was discussed at length. Moreover, the fact that Bova was an experienced defendant who had been through the criminal justice system before weighs in favor of finding that he knew what he was doing when he waived the right to counsel. *See United States v. LaBare,* 191 F.3d 60, 68 (1st Cir.1999) (the experience of a defendant is relevant in determining whether a waiver is knowingly made).

---

1. The Federal Rules of Evidence do not apply in detention hearings. *See* 18 U.S.C. § 3142(f) (2000).

The inequity of the power relationship between a Magistrate Judge and a criminal defendant can result in enormous pressure on a defendant proceeding without counsel. The record here supports Bova's claim that the Magistrate Judge brought pressure to bear on Bova to make a decision, which ultimately resulted in his waiver. Nonetheless, it is not necessary to determine whether that pressure amounted to a deprivation of Bova's Sixth Amendment right to counsel because clear authority establishes that Bova's allegedly perjurious testimony cannot be excused even in the case of a constitutional violation. As the Supreme Court has stated:

> our cases have consistently—indeed without exception—allowed sanctions for false statements or perjury; they have done so even in instances where the perjurer complained that the Government exceeded its constitutional powers making the inquiry.

*United States v. Mandujano*, 425 U.S. 564, 577, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976) (citations omitted).

Finally, Bova's decision to testify did not cause his decision to testify *falsely*. Bova must "establish the necessary nexus between the alleged misconduct and his subsequent perjurious testimony in order to support a claim of fundamental unfairness." *United States v. Babb*, 807 F.2d 272, 279 (1st Cir.1986) (citation omitted) (holding alleged violation of Fifth Amendment does not excuse perjury). Bova has failed to establish such a nexus. While the absence of a lawyer might have caused Bova to take the stand when he would not have done so if he had been represented by counsel, no attorney would positively advise a defendant to make false statements while under oath.

Because a violation of Bova's Sixth Amendment rights would not excuse his alleged perjury, there is no need to address whether his right to counsel was in fact violated, and his motion to suppress is denied.

### III.

The motion to suppress is denied.

It is so ordered.